May it please the court, my name is Matt Delaghetti, I'm the attorney for the appellant, Mr. Terrick Robinson. We're here today following a September 2018 arrest of Mr. Robinson in the Northern District of West Virginia. At the time of the arrest, Mr. Robinson was located in Fairmont on a federal arrest warrant, a search warrant for his vehicle as well as a room at the Red Roof Inn in Whitehall, West Virginia. The resulting search of the room at the Whitehall, West Virginia hotel room left behind, well there were drugs and money found in that room. And about a day later, well less than a full day later, there was a bag that was found in that room. What would you say is your most significant issue in this case? Well there's two issues mostly. The first issue is the denial of Rule 29. Let's go right to what something is at the heart of this case. Let's count ten businesses that the government has issued a letter. I don't know how you argue your case, but if you have a government that issues a letter to that effect confessing error, I don't know what you need to say right now until the government speaks. Well at least on that, I mean if the government has confessed error, what are you going to argue? Well your honor, with respect to their confession of error on the causation issue of count ten, I think I would like to develop, I haven't had the opportunity. Let me ask you something, did they confess everything you wanted? Well no. There's something more you want from that than what was confessed in that letter regarding count ten? Regarding count ten, your honor, I would argue that even outside of... Why is this difficult for you? You've got a government that confesses something you have briefed here, and you seem to be struggling saying good, and let government argue that for me. Well it is good that it's going to be vacated, however... No one said it was going to be vacated. They just said they had made the confession, and at that point, where is the adversarial position that's being taken here? We have two counsel who I take it prepared to make that argument. There's no independent counsel here. So where is the adversarial process that we now consider on this? Even if notwithstanding count ten, Mr. Robinson is still looking at a life sentence, and I can argue with respect to the causation issue, I would like to address the speedy trial issue, if I may. You don't really think you can get very far on that speedy trial issue, do you? No. To be honest with you, I'm not saying it doesn't. It probably should, but they've got a good reason here. But I mean, you've got your brief, you've got the argument before us. My question, but I'll lean on Judge Wilkerson and Judge Diaz if they want to go further, is there anything you can add to what you've already said? Because if you're just going to repeat it, that's where we are. I'm trying to be frank with you. Well, I appreciate that, Your Honor. I wouldn't have anything else to add. All right. Thank you. Mr. Flower? Good morning, Your Honors. If it pleases the Court, I'm Brandon Flower with the United States Attorney's Office in the Northern District of West Virginia. I'll go directly to the issue that Judge Wynn has addressed, and that is the causation issue. You must notice the issue of the Court has some concern. Otherwise, we would have just sent this home back once you confessed the error. So maybe to further explain why you chose to confess error on that account, it is an interesting situation. And I think if I get it down, it really comes down to the fact that you pursued a method of proving it that really was not the theory that should have been used. It should have been but cause, and that just was not put forth for this particular account here. And I know there will be other questions, but I wanted you to proceed on that. You're absolutely correct, Your Honor. And of course, right now the government is looking at this from a hindsight perspective, but that is correct. We should have pursued a but-for causation in regards to count 10 and the distribution resulting in death. Why do you say that? What was wrong with your previous position? What was wrong with pursuing an independently sufficient cause of death? The statute talks about resulting in death. And if something is an independently sufficient cause of death, it would seem to me that the supplying of fentanyl resulted in death. And Your Honor, that's exactly— Excuse me, Counselor. The words—you can't just have any old cause. You can't just have a contributing cause or a peripheral cause. You have to have a cause that is independently sufficient to cause death, to result in death. And the evidence here is overpowering that the fentanyl independently caused or on its own independently caused death. You had lay witnesses. You had expert witnesses. They all testified. The jury resolved the question. The judge gave an instruction that fairly presented your theory of the case. The instruction followed from the evidence that was presented. It was given to the jury, and the jury decided this. And so it's just odd to me that you could go through an entire trial with this theory of the case, and then come up and at the last minute go wobbly and say we confess error when there's a mountain of evidence indicating that it was the fentanyl. It was fentanyl. There was an independently sufficient cause of death. It resulted in death and could result in its death and result in death all by itself. Your Honor, I agree with that assessment. The problem is in the Burrage case when the court described the two different tracks that could be used to prove the death or serious bodily injury resulting from the distribution of the controlled substance, the court explained that with the independently sufficient cause, there are multiple independently sufficient causes that are required. What I'm asking you is why is that necessary? It's probably stronger from the standpoint of the causative agent to have one independently sufficient cause than to have five. If you have five independently sufficient causes, the causative agent can get lost in a crowd. But here it's when you only have two, you focus in evidentiary terms on those two. But if you have one, why do you need another? The statute doesn't suggest it. No, the statute doesn't describe which drug, how many drugs, a combination, one drug. But it's the case law. It's that Burrage case that explains. Let me cut to the chase here. Did you have an expert to testify that but for that fentanyl? No, we did not. Did the expert testify that fentanyl alone did it? No, Your Honor, and that's the crux of it. Let me tell you what the differentiation is. The court in Burrage made it clear. The United States Supreme Court says the courts do not always require strict but-for causality. But in certain cases, in rare instances, still rare, you can use multiple sufficient causes independently. And what it is saying is you're not going to have but-for. You don't need a but-for if you have multiple causes. There's evidence that this young lady had other drugs in the system. It could have. Maybe, I don't know. We don't know. But what we don't have, it could have been caused by one or the other. It's not like fentanyl was the only thing. Judge Wilkerson is correct. There's a whole lot of evidence that that fentanyl did, in fact, kill her. That's tremendous evidence. What you don't have is but-for proof. And that's the distinction. Even if you had pursued a but-for but you never mentioned but-for and you didn't get an expert for it, it still wouldn't work, whether it's independent cause or not. I agree. The evidence to this court, you know, we want to be the experts on it and say, yeah, but-for, she would have died. But that evidence is not in the record. They indicate that fentanyl is the cause alone, which satisfies what the Supreme Court calls the strict but-for causality. And that is exactly the point. It's unfortunate. The legal standards and the evidence. It appears as though you could have gone that direction. You just didn't. And it's quite admirable you recognize you did not. Yes, Your Honor. But it's that expert. The language is right here. In the Barrage case, it says no expert was prepared to say that Banks would have died from heroin use alone. That's the problem. And I would say- Judge Diaz here. I'm sorry to interrupt. Yes, Your Honor. First of all, let me start by saying I really appreciate the fact that you were willing to go back and take another look at this. It's, frankly, better that far more lawyers do that because no one is ever absolutely right. And so the fact that you were conscientious enough to go back and reconsider this is to your credit, not to your detriment. So I'll start with that. But, like Judge Wilkinson, I just have a real problem understanding what Barrage has to do with this particular case. I think, frankly, the court might have been better off perhaps giving a but or a causation instruction. But the reality of the situation here is that your expert didn't say but, didn't use the magic words, but he said the expert pathologist testified that the fentanyl was in this decedent's body in sufficient quantities to cause her death. I mean, what more do you need? Barrage was a case where no expert was willing to testify that any of the drugs were sufficient on their own to cause death. But here, although the expert wasn't asked the question, he did testify that the fentanyl was in a sufficient quantity to cause her death. This is sort of akin to the example that Justice Scalia mentioned in Barrage, where you have somebody who's suffering from a debilitating injury, right? And that person then is poisoned. And the court said, well, if the poison is administered to the man debilitated by multiple injuries, it is a but for a cause of his death, even if those diseases played a part in his demise. So, in this case, we have the diseases being the other drugs in her system that the expert said may have played a part in her demise. But the evidence is uncontradicted that the fentanyl could have killed her and would have killed her. So maybe there was an unfortunate use of language with respect to but for or sufficient cause. But however you want to define it, there's no dispute in this case that the fentanyl would have killed her. So I don't see what the problem is. Your Honor, I think in my review of this, again, the problem was what the jury was instructed and what we argued wasn't the but for it. The jury was instructed on independent sufficient cause. There was no instruction to the jury discussing how the but for would work, but for the fentanyl she would have lived or essentially the methamphetamine in her system or the acetyl fentanyl. But there's no evidence in this record that that would have been the case. The evidence is clear that the expert said that the fentanyl alone, the fentanyl was in her body in sufficient quantities to kill her. I mean, I don't know. I think clearly, I don't know if you tried this case or not, but I think that the question, the next question should have been asked. But with the methamphetamine alone that killed her, I don't know what the answer to that question is. I suspect the answer would have been no. And, Your Honor, that is in reviewing the transcript, those were the next lines of questions that should have been asked. Here's the problem with that. The expert testified that the cause of death was a combined toxic effects of the fentanyl and the meth. And that's the problem. That's the problem with the independent cause. It's not a but for cause. It didn't say but for the fentanyl, you would have been dead. It did not say that was the only one. He said it was a combined toxic effects of fentanyl and meth. That's the major problem you have in this case. And that's why it presents this conundrum for you. Because you didn't have that expert say that only the fentanyl. The evidence is absolutely correct. It is definitely a sufficient cause. The question is, is it an independent sufficient cause? Would you establish by saying, yes, that solely could have done it as one of the independent. That's the missing element here. Well, Your Honor, in the case, the expert did say that, that the fentanyl by itself was sufficient to kill her. But the problem is, from my reading of the Byrds case and the explanation of the independent sufficient cause, it requires – it could have also been the methamphetamine. It could have been the fentanyl. There had to be more than one independent cause. Has the Supreme Court ever expressly disavowed the theory of an independently sufficient cause? I don't understand why there would be this requirement of multiple independently sufficient causes. If you have one independently sufficient cause, that would seem to be enough. But beyond that, has the Supreme Court ever disavowed the independently sufficient cause of death theory? Not to my knowledge, Your Honor. And I agree with your assessment. From just looking at the facts of the case, it seems – What do you mean, disavowed? It's a different type of theory. It makes it clear that it's not the strict but full causality. Yes. It's a different theory altogether. There are two tracks that the government can prove causation in distribution resulting in death or serious bodily injury. The but-for causation or the independently sufficient cause. Is it mutually exclusive? I don't – I think when you look at it, that's why the Supreme Court carved out the independently sufficient cause because – I'm sorry to interrupt you, Mr. Fliers, but just to think about the answer to follow up with this. How was the defendant prejudiced by what happened here? I just don't – I'm having trouble understanding. Even if, literally speaking, the court didn't follow the language of Barrage, tell me how, in the face of this evidence, the defendant was prejudiced. Your Honor, my concern is just that there wasn't the proper legal framework for the jury to understand. That may be. We may have a disagreement about that, but then the question is, okay, assume that's correct, what's the prejudice, given the evidence in this record? Your Honor, from looking at it as from, say, plain error or harmless error, and I would note that was not argued in the briefs, there was overwhelming evidence of the defendant's guilt that the fentanyl caused the victim's death in this case. Overwhelming evidence under count 10? Yes. And overwhelming evidence under a theory that the Supreme Court has not disavowed, and that seems, as far as I can tell, to match up with the statute, which says it results in death. Well, this resulted in death. If the Supreme Court had thrown its disapproval over this, that would be one thing, but I don't see that they have. Your Honor, my concern is it's not the legal framework or that the Supreme Court has ruled that the independent sufficient cause isn't an appropriate theory, it's the way that the facts were presented in the case under that theory. That they weren't presented in a way sufficiently to satisfy the independent sufficient cause when it would have required multiple independent causes. We only presented one independent cause. Counsel, they were presented in a way that made it clear this was an independently sufficient cause. I mean, I haven't seen many cases as strong as this. You know, you did a good job, you lined up your expert, he testified exactly along the lines of an independently sufficient cause. You had co-conspirators lining up, and you have somebody carving up somebody's body to throw it into a dump, which indicates he knew darn well what he'd done, and that the China White was what had caused this young woman's death. And you've pursued an independently sufficient cause, which is fine, but the evidence, I think, because I don't think the Supreme Court is disavowed, but the other thing is, under any theory of causation, it seems to me that this would be a very strong case. And given the strength, I also ask the good question that Judge Diaz posed, given the overwhelming strength of the evidence here, we don't generally think of instructional error as necessarily being reversible error. And one of the things you have to look at is the overwhelming weight of the independent evidence for this question. Was the fentanyl a major causative effort, a major causative agent? And if it was, it did what the statute prohibits, its distribution that resulted in death. I mean, this is a serious problem that we have here with this drug, and it is laying waste to communities all across this country. And I can't, I just can't see weakening what the statute attempted to do. If the evidence was less strong, well, maybe you'd have a better case, but I don't see what you did wrong the first time. I appreciate that, Your Honor. And I do agree with you that the evidence was extremely strong in regards to the fentanyl causing the death of our victim. Here's the question that needs to be asked. How does this change the sentence in this case? The government's position is if the court finds error and vacates, I think the appropriate thing is a lesser included distribution of fentanyl. But the overall sentence, how does it change it? It doesn't change the overall sentence, except there would be one less life sentence. Mr. Robinson ended up with, I believe, four or five consecutive or concurrent life sentences. He has four or five concurrent life sentences, and there's a danger he might lose one of those life sentences. That is correct, Your Honor. In what we're dealing with. So there's no real harm. You know, what concerns me, you're the prosecutor in this case. We're not here. You're the prosecutor in this case. You didn't even have to bring this charge in the first instance. You bring it to us, and you look at the fact, and maybe if it had only been the only case, it might be a case you might pursue it more vigorously, and say, well, he's going to walk free. This man has four remaining life sentences here. If we simply just vacate this and send it back, he's going to be in prison for the rest of his life. End of the day, I don't know, is this going to happen again? You going to do this again? I'm thinking about repetition, about order. It would be extreme for us, in the face of the government confessing error, to now collapse these two different theories of strict but-for causality and multiple sufficient causes independently, where there's no testimony for an expert of being alone. It would be extreme, I think. I don't know how we write such an opinion. We can, and maybe we will. I'm just saying, but this doesn't seem to be the case to do it. One, because there may be a lesson here, don't do this again, because if you just instruct prosecutors that you've got a case like this, if you only got one, put an expert up to see it's the only one, and ask for but-for inspection, that cures it. So that cures the problem in the future. That's the value of opinions that affect. And at the same time, Mr. Robinson isn't going anywhere unless something happens with those other four life sentences. Do they run consecutively? Concurrently, Your Honor. Concurrently. Well, either way, I don't know how you run life sentences anyway, but it's consecutive. But if you run them concurrently, he has all those. There's no indication any of those are going away. That is correct, Your Honor. Unless you have any other questions, Your Honors, I appreciate your time. Thank you. All right. Judge Diaz, do you have any further questions? All right. We thank you very much, and we're happy to hear from Mr. DelGatti and Roboto. Your Honors, I don't really have anything else to present unless there are any questions. All right. Are there any questions from the panel? Otherwise, we thank you. No questions, Your Honor. All right. Thank you very much. Thank you. Thank you, Your Honor.
judges: J. Harvie Wilkinson III, James Andrew Wynn, Albert Diaz